139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William STONEKING, Plaintiff-Appellee,
v.
Jeffrey SIMPSON, # 211 and Stuart Persky, # 209,
Defendants-Appellants.
 No. 97-2031.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 23, 1998.
Decided Mar. 5, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 95 C 2832 Ann Claire Williams, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. HARLINGTON WOOD, Jr., Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In July 1993 plaintiff, his wife and friends, attended Lalo's Restaurant in Berwyn, Illinois, where his wife became intoxicated. Accompanied by their friends, he subsequently carried his wife to their automobile and leaned her against it. Defendant Riverside, Illinois police officers, having been told by an unknown citizen that a man was beating a woman in the parking lot, arrived at the scene. Plaintiff and his friends told defendants that Mrs. Stoneking had too much to drink and they were trying to get her into the car to take her home safely. Defendant Simpson told plaintiff to release his wife. Plaintiff and friends explained to defendant officers that if he released his wife, she would fall in view of her intoxicated condition. Nevertheless Simpson again told plaintiff to release his wife but he refused to do so because of his fear that she would fall.
 
 
 2
 According to the complaint filed by Stoneking, defendant Simpson grabbed at plaintiff's arm, causing him to step back and place his arms at his side. Defendants then lunged at plaintiff, grabbed his arm and his throat area and pushed him over a car, then punching him in the side. They then handcuffed plaintiff and bent and twisted his wrists before escorting him to their police car, slamming him over the vehicle. He allegedly never resisted the officers but was injured as a result of their force.
 
 
 3
 Thereafter defendants arrested plaintiff and charged him with two counts of aggravated battery. The charge brought by Officer Persky was nolle prosequi and plaintiff was found not guilty of the battery charge brought by the other officer.
 
 
 4
 Plaintiff subsequently filed a civil rights complaint against defendants, alleging claims for false arrest and excessive force under 42 U.S.C. § 1983, and a state law claim for malicious prosecution. Defendants' subsequent motion for summary judgment was denied, resulting in this appeal.
 
 Discussion
 
 5
 On March 6, 1997, Magistrate Judge Keys recommended that defendants' motion for summary judgment be granted, but on March 26 District Judge Ann Williams filed a Memorandum Opinion and Order concluding that there was a genuine issue for trial regarding the use of excessive force by defendants. The court denied defendants' motion for summary judgment, thus disagreeing with the magistrate judge, who had concluded that defendants were entitled to summary judgment. We agree with the district judge's conclusion "that plaintiff has set forth specific facts showing that there are genuine issues for trial regarding what happened when the officers arrived at the scene," so that defendants' motion for summary judgment was properly denied. Clash v. Beatty, 77 F.3d 1045, 1048 (7th Cir.1996).
 
 
 6
 As the district court concluded, plaintiff "submitted sufficient evidence that there is a genuine issue for trial regarding the use of excessive force." A trial was necessary to determine whether a reasonable officer could have believed that Officer Simpson's and Officer Persky's conduct was constitutional in view of the information before them and whether they are entitled to qualified immunity. See, e.g., Biddle v. Martin, 992 F.2d 673, 675 (7th Cir.1993).
 
 
 7
 Appeal dismissed.